EL PUEBLO, DEMANDANTE Y APELADO, *v.* GARCÍA, ACUSADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao,
en causa por delito de perjurio.

No. 1102.—Resuelto en enero 16, 1917.

PERJURIO—MOTÍN—HECHO ESENCIAL FALSAMENTE JURADO.—En este caso el ape-
lante fué convicto de haber jurado falsamente en un juicio por motín en
que él era también acusado, que la tarde en que tuvieron lugar los hechos
él no se encontraba en el lugar de los sucesos, sino en sitio distinto. En
apelación alegó que el hecho que se estima falso no era esencial en el pro-
ceso por motín, en el que había sido absuelto. *Se resolvió:* que no existe
en los autos dato alguno que demuestre que fuera absuelto del delito de
motín, pero que no obstante, su absolución demostraría que el hecho falso
por él declarado fué esencial en ese juicio porque había servido para probar
que no era cierta la acusación que se le había hecho, de haber tomado parte
en el motín, y que, aunque hubiera sido condenado, siempre era esencial el
hecho falsamente declarado por él, porque tendía a demostrar su imposibili-
dad de haber tomado parte en el mismo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Enrique Rincón.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

Alejandro García fué convicto del delito de perjurio y
en esta apelación establecida por él contra esa sentencia sos-
tiene como único motivo para que la revoquemos que el hecho
por él declarado, que se estima falso, no era esencial en el
proceso en que prestó su declaración.

De la relación de las pruebas que tenemos ante nosotros
aparece que al celebrarse en la Corte de Distrito de Huma-
cao en grado de apelación la vista del juicio procedente de
la Corte Municipal de Vieques contra el apelante y otros por
el delito de motín, cuyo récord fué presentado como prueba
sin que se exprese su contenido, declaró Alejandro García
bajo juramento que en la tarde del día 16 de febrero de 1915
no estuvo en el pueblo de Vieques pues salió de él a eso de
las doce del día para el barrio de Puerto Real de donde no
regresó en toda la tarde y que durante ella no habló con el

Juez Municipal de Vieques. Dicho juez municipal declaró que vive en el pueblo de Vieques, que en el día antes expresado hubo un motín en el barrio de Puerto Ferro y otro en el pueblo de Vieques entre cuatro y media y cinco de su tarde y que a eso de las cinco de ella habló con Alejandro García por dos veces con motivo de una fianza para conseguir la libertad de un hermano suyo, extremo que también declararon otros testigos. También declaró el apelante insistiendo en que no había estado esa tarde en el pueblo de Vieques.

No hay duda alguna de que García declaró falsamente que la tarde y hora expresadas no había estado en el pueblo de Vieques, y así lo entendió también el jurado al resolver con su veredicto el conflicto de la evidencia sobre ese particular, por lo que la única cuestión a considerar es la que propone el apelante sobre si ese hecho falso era esencial en el juicio de motín.

No tenemos en la transcripción de esta apelación dato alguno que nos permita conocer si el apelante, como dice en su alegato, fué absuelto por el delito de motín ya que no se ha relacionado en las pruebas el contenido del récord que se presentó, y por tanto de la sentencia en él recaída, pero si lo que expone el apelante es cierto, su absolución demostraría que el hecho falso por él declarado fué esencial en aquel juicio porque había servido para probar que no era cierta la acusación que se le había hecho de haber tomado parte en el motín por estar fuera de la población de Vieques en la tarde y hora en que tuvo lugar. Pero aunque hubiera sido condenado por el motín, hecho que ignoramos, siempre era esencial el hecho falso por él declarado porque tendía a demostrar su imposibilidad de haber tomado parte en él.

De todos modos, antes de que podamos declarar que hubo error en el jurado al estimar esencial el hecho falso declarado por el apelante, debemos tener ante nosotros toda la prueba que se le presentó, lo que no se ha hecho en este caso

por no haberse relacionado en la transcripción de la apelación el contenido del récord que se presentó como prueba.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.